# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
|     *Plaintiff & Counter-Defendant*, | ) Case No. 3:20-cv-382 |
| v. | ) Judge Travis R. McDonough |
| JAMES H. GRIFFITH, JR., d/b/a CJ'S SPORTS BAR, and LISA LESLEY | ) Magistrate Judge Debra C. Poplin |
|     *Defendants & Counterclaimants*. | ) |

## MEMORANDUM OPINION

Before the Court are motions to dismiss counterclaims (Docs. 23, 24) filed by Plaintiff and Counter-Defendant Joe Hand Promotions, Inc. ("Joe Hand"). For the following reasons, the motions will be **GRANTED**, and Defendants' counterclaims will be dismissed.

## I.    BACKGROUND[1]

Joe Hand distributes and licenses premier sporting events for viewing in commercial establishments. (Doc. 1, at 2.) Joe Hand contracted with the promoters of a particular boxing match—*Floyd Mayweather Jr. v. Conor McGregor* on August 26, 2017 ("the Program")—for the exclusive right to commercially distribute the audiovisual presentation of the Program. (*Id.*) The contract assigned Joe Hand the right to distribute and authorize public performance of the

---

[1] The following allegations are drawn from Plaintiff's original complaint. (*See* Doc. 1.) These motions to dismiss, however, deal with Defendant's counterclaims. (*See* Docs. 16, 17.) The counterclaims allege factual content related to Joe Hand's prolific litigation efforts generally but do not otherwise re-allege the factual allegations underlying the original complaint. It appears that the legal meaning of the facts alleged are at issue in the counterclaims, not the facts themselves. The Court therefore utilizes essentially the same factual background and assumes the facts to be true. *See Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).

Program by the Program's copyright owner. (*Id.*) Joe Hand licensed the Program to over 6,000 establishments, allowing those establishments to show the Program in exchange for the payment of a license fee. (*Id.* at 3.)

Defendant Griffith owns and operates CJ's Sports Bar ("CJ's"). (*Id.* at 2.) Defendant Lesley leased CJ's on the date of the Program and advertised that the Program would be shown at CJ's. (*Id.* at 3.) Defendants did not pay the license fee or otherwise obtain authorization to show the Program at CJ's. (*Id.*) Instead, Defendants obtained the Program and showed it at CJ's without authorization. (*Id.* at 3–4.)

On August 26, 2020, Joe Hand filed this action against Defendants, asserting one claim for satellite and cable piracy (Count I) and one claim for copyright infringement (Count II). (*See id.* at 5–6.) On Defendants' motion, the Court dismissed Count I as time-barred. (*See* Doc. 31.) Defendants also counter-claimed for a declaratory judgment that Joe Hand "lacks standing to make the copyright[-]infringement accusations" at hand, that Defendants "did not infringe on any copyright interest held by" Joe Hand, and that they "did not intercept, descramble, or otherwise 'pirate' any satellite or cable signal" and "did not commit signal piracy." (Doc. 16, at 15; Doc. 17, at 15.) Joe Hand moved to dismiss Defendants' declaratory-judgment counterclaims (Docs. 23, 24), and Defendants have responded (Docs. 26, 27), meaning the motions are ready for adjudication.

## II. STANDARD OF REVIEW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman*, 484 F.3d at 859. This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

"A court may dismiss a redundant or mirror[-]image claim for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)." *Good L Corp. v. Fasteners for Retail, Inc.*, 2020 WL 2572480, at *1 (M.D. Tenn. May 20, 2020) (citing *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 406 (6th Cir. 2017)); *see also Malibu Media*, 705 F. App'x at 407 (upholding dismissal of a declaratory-judgment "counterclaim as redundant"). Courts typically examine "the general principles—whether a declaratory judgment will 'serve a useful purpose' and if it will 'terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding'" when assessing whether the claim is redundant. *Malibu Media*, 705 F. App'x at 405 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

The factual core of the declaratory-judgment counterclaims is the same as that alleged in the underlying complaint. (*Compare* Doc. 1, *with* Docs. 16, 17.) Indeed, the gravamen of the counterclaims is that Joe Hand is a serial litigator that incorrectly alleged Defendants commited signal piracy and infringed a copyright. (*See* Doc. 16, at 15 (seeking declaratory judgment that Defendants "did not infringe on any copyright interest held by" Joe Hand and "did not commit signal piracy"); Doc. 17, at 15 (same).) The declaratory-judgment counterclaims, then, are mirror images of Joe Hand's claims.

Defendants nevertheless argue that the counterclaims are necessary to preserve their right to fees under the Copyright Act, to clear Defendants' names, and to assess whether a copyright-standing defense or "internet defense" would apply to their actions. (Doc. 26, at 2–6.) First, the Sixth Circuit in *Malibu Media* squarely rejected the fee-shifting argment: "the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505, awards reasonable attorney's fees to the

4
Case 3:20-cv-00382-TRM-DCP   Document 32   Filed 01/12/21   Page 4 of 5   PageID #: 153

prevailing party in a copyright infringement action without regard to whether the defendant has asserted a counterclaim." 705 F. App'x at 407. Defendants argue that Plaintiffs may seek voluntary dismissal without prejudice and therefore without fees under Federal Rule of Civil Procedure 41(a)(2), but given that such dismissal is discretionary and occurs "on terms that the court considers proper," Defendants' right to fees can be protected if Joe Hand attempts to circumvent 17 U.S.C. § 505. Second, while clearing one's name is an understandable desire, it not such a "useful purpose" that it warrants the significant expenditure of resources for a declaration to that effect. Should the case be terminated against Joe Hand, this end will be sufficiently achieved such that prosecuting a counterclaim to declaratory judgment cannot be described as useful. Finally, whether a copyright-standing defense, "internet defense," or other defense theoretically bars Joe Hand's serial litigation—in the absence of an actual dispute involving a particular defense and these particular parties—is a legal determination without an underlying case or controversy, an arena that the Court cannot enter. *Cf. Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 715 (6th Cir. 2011) ("The 'case or controversy' requirement prohibits all advisory opinions[.]"). The Court concludes that Defendants' counterclaims are redundant and do not serve a useful purpose. Defendants' counterclaims will therefore be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Joe Hand's motions to dismiss (Docs. 23, 24). Defendants' counterclaims for declaratory judgment are hereby **DISMISSED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**